# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| FLORISTS' MUTUAL INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:05-cv-50 (HL) |
| DL & B ENTERPRISES, INC., | : | |
| Defendant/Cross-Claimant | : | |
| and | : | |
| LEWIS TAYLOR FARMS, INC. and LTF GREENHOUSES, LLC, | : | |
| Defendants/Third-Party Plaintiffs, | : | |
| v. | : | |
| SYNGENTA SEEDS, INC., and R. D. CLIFTON CO., INC. d/b/a CLIFTON SEED CO. GEORGIA, | : | |
| Third-Party Defendants. | : | |

# **ORDER**

Before the Court is a "Motion for Leave to File a Reply to Defendants Syngenta Seeds, Inc.'s and Clifton Seed Company Georgia's First Additional Defenses" (Doc. 52) filed by Defendants/Third-Party Plaintiffs Lewis Taylor Farms, Inc. ("Lewis Taylor Farms") and LTF Greenhouses, LLC ("LTF"). For the reasons set forth below, the Motion is denied.

1

Lewis Taylor Farms and LTF have filed a Motion[1] (id.) in which they seek to reply to affirmative defenses[2] included in the answers filed by Syngenta Seeds, Inc. and Clifton Seed Company. Defendants filed a Response (Doc. 59) in opposition. Lewis Taylor Farms and LTF filed no reply.

Federal Rule of Civil Procedure 7(a) forbids a plaintiff from submitting a reply to an answer unless the answer contains a counterclaim or the plaintiff is ordered to reply by the court. See also Fed. R. Civ. Proc. 12(a)(2) (authorizing a plaintiff to serve a reply to a counterclaim contained in an answer). A plaintiff is not prejudiced by Rule 7(a) because Federal Rule of Civil Procedure 8(d) provides averments in pleadings to which no responsive pleadings are required or permitted are assumed to be denied. As a result, numerous courts have held that replies to affirmative defenses will generally not be permitted. See, e.g., Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc., No. 04-60861, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005); Petit v. City of Chicago, 239 F.Supp.2d 761, 771 (N.D. Ill. 2002); Moviecolor, Ltd. v. Eastman Kodak Co., 24 F.R.D. 325, 326 (S.D.N.Y. 1959).

Here, Lewis Taylor Farms and LTF need not file a reply to Defendants' affirmative defenses, as they are already deemed denied. The parties' various claims and defenses are better

---

[1] By filing a motion seeking permission to submit such a reply, rather than simply filing a reply to affirmative defenses, Lewis Taylor Farms and LTF at least avoided the pitfall of presumptiveness common in similar cases. See, e.g., Fleming v. County of Kane, No. 85 C 8641, 1986 WL 4994 (N.D. Ill. Apr. 18, 1996).

[2] The parties interchangeably use the terms "affirmative" and "additional" defenses. The Court disregards this shifting terminology, as the key inquiry under Rule 7(a) is whether the answer contains counterclaims, not whether any defenses it might contain are affirmative or additional.

addressed in the context of motions under Federal Rules of Civil Procedure 12 and 56 at a later point, if appropriate.  Accordingly, the "Motion for Leave to File a Reply to Defendants Syngenta Seeds, Inc.'s and Clifton Seed Company Georgia's First Additional Defenses" (Doc. 52) filed by Lewis Taylor Farms and LTF is denied.

SO ORDERED, this the 11th day of October, 2006.

s/   Hugh Lawson
HUGH LAWSON, JUDGE

pdl