# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **FLORISTS' MUTUAL INSURANCE COMPANY,** : : : | |
| Plaintiff, : : | |
| v. : | Civil Action No. 7:05-cv-50 (HL) |
| **DL & B ENTERPRISES, INC.,** : : | |
| Defendant/Cross-Claimant, : : | |
| and : : | |
| **LEWIS TAYLOR FARMS, INC. and LTF GREENHOUSES, LLC,** : : : | |
| Defendants/Third-Party Plaintiffs, : : | |
| v. : : | |
| **SYNGENTA SEEDS, INC., and R. D. CLIFTON CO., INC. d/b/a CLIFTON SEED CO. GEORGIA,** : : : : | |
| Third-Party Defendants. : | |
| _____ | |

# **ORDER**

Before the Court is a "Motion to Stay Cross Claim of DL & B Enterprises, Inc." (Doc. 19) filed by Plaintiff Florists' Mutual Insurance Company ("Florists' Mutual"). For the reasons set forth below, the Motion is denied.

1

I.     **FACTS AND PROCEDURAL HISTORY**

On June 2, 2005, Florists' Mutual filed a declaratory judgment action in the Court to obtain a judicial ruling regarding its insurance coverage obligations. The Complaint (Doc. 1) was filed against Lewis Taylor Farms, Inc. ("Lewis Taylor Farms") and LTF Greenhouses, LLC ("LTF), Florists' Mutual's insureds, and DL & B Enterprises, Inc. ("DL & B"), the potential claimant in the underlying coverage dispute. This disagreement revolves around an insurance policy Florists' Mutual issued to Lewis Taylor Farms which listed LTF as an additional insured, and DL & B's contention that Lewis Taylor Farms and LTF sold it diseased pepper plants that produced poorly and resulted in a significant financial loss.

Both Lewis Taylor Farms and LTF answered in a timely fashion by the September 30, 2005 deadline. (Doc. 6.) DL & B did not. However, no party made a request of the Clerk or applied to the Court to enter a default judgment against DL & B, and all parties later filed a stipulation (Doc. 9) allowing DL & B to file an answer and participate in discovery. The Court approved the stipulation. (Doc. 15.) Subsequently, DL & B filed an Answer and Cross-Claim (Doc. 11) in which it sued Lewis Taylor Farms and LTF for approximately $3.2 million.

Florists' Mutual thereafter filed the present Motion (Doc. 19), in which it seeks to stay DL & B's cross-claim against Lewis Taylor Farms and LTF pending a resolution of the coverage issue. In the same Motion, Florists' Mutual also asks the Court for leave to notice the 30(b)(6) depositions prior to the parties' Rule 26(f) conference. DL & B, Lewis Taylor Farms and LTF filed a Joint Memorandum of Law in Opposition to Florists' Mutual's Motion (Doc. 35). Florists' Mutual filed no reply.

## II. ANALYSIS

### A. Standard

The Supreme Court of the United States has recognized that

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. North American Co., 299 U.S. 248, 254-255 (1936). The Middle, Southern and Northern District Courts of Georgia have all held this inherent power should not be used lightly and requires a court to weigh the interests of all parties in the litigation as well as the court's own interest in an orderly disposition of its own caseload. See, e.g., Briggs & Stratton Corp. v. Concrete Sales & Servs., Inc., 166 F.R.D. 43, 47 (M.D. Ga. 1996); New Hampshire Ins. Co. v. Shoney's, Inc., No. CV585-080, 1985 WL 5407, *1 (S.D. Ga. Aug. 21, 1985); Home Ins. Co. v. Coastal Lumber Co., 575 F. Supp. 1081, 1083 (N.D. Ga. 1983).

### B. Application

Florists' Mutual urges the Court to stay DL & B's cross-claim against Lewis Taylor Farms and LTF for four months to allow Florists' Mutual to obtain its coverage depositions and file a motion for summary judgment. (Doc. 19 at 4.) Absent this stay, Florists' Mutual is concerned that it will be forced to incur unnecessary and substantial financial obligations to attend discovery in an action whose scope will have expanded beyond the original issue of coverage. (Id.)

By way of response, DL & B, Lewis Taylor Farms and LTF argue that the discovery

anticipated for the coverage issue covers a wide range of issues, all of which will be relevant to the cross-claim. (Doc. 35 at 2-3.) DL & B, Lewis Taylor Farms and LTF also dispute the alleged simplicity of the coverage issue and the likelihood of a mere four month delay; instead, they assert the stay could end up lasting far longer. (Id. at 2, 7.) In conclusion, DL & B, Lewis Taylor Farms and LTF contend any delay would result in additional expense, potential insolvency of the parties, the death or faded memories of relevant witnesses and other complications. (Id. at 8-9.)

While the Court believes that a stay of the action could possibly save Florists' Mutual some amount of time and money, especially were it to prevail on the issue of coverage, the Court is also convinced that the dangers inherent in a stay posited by DL & B, Lewis Taylor Farms and LTF are real. It also appears the most efficient and orderly disposition of this matter, as it relates to the docket of the Court, would be for both the coverage and the underlying substantive issues to be addressed altogether. As a result, the Court finds the potential savings for Florists' Mutual do not outweigh the possible harm to DL & B, Lewis Taylor Farms and LTF, nor do those savings outweigh the Court's own interest in an orderly disposition of its own caseload.

Finally, the Court notes that to the extent Florists' Mutual's Motion sought leave to depose DL & B, Lewis Taylor Farms and LTF prior to the Rule 26(f) conference, this request is dismissed as moot.[1]

---

[1] The parties' Rule 26(f) conference took place June 23, 2006. (Doc. 45.)

### III.   CONCLUSION

The "Motion to Stay Cross Claim of DL & B Enterprises, Inc." (Doc. 19) filed by Plaintiff Florists' Mutual Insurance Company is denied.[2]

SO ORDERED, this the 11th day of October, 2006.

                                                          **s/   Hugh Lawson**
                                                          HUGH LAWSON, JUDGE

pdl

---

[2] DL & B, Lewis Taylor Farms and LTF ask to be rewarded their fees and expenses necessary to respond to Florists' Mutual's Motion. (Doc. 35 at 9.) The Court is aware of no reason these parties should be awarded any fees or costs—Florists' Mutual's Motion does not appear to have been made in bad faith nor was it frivolous or malicious. Therefore, no fees or costs shall be awarded.