**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **GIBBS PATRICK FARMS, INC.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | 7:06-cv-48 (HL) |
| v. | : | |
| | : | |
| **R.D. CLIFTON CO., INC. d/b/a CLIFTON SEED COMPANY GEORGIA,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| and | : | |
| | : | |
| **LEWIS TAYLOR FARMS, INC., LTF GREENHOUSES, LLC, and QUALITY PRODUCE, LLC,** | : | |
| | : | |
| Plaintiffs, | : | 7:05-cv-50 (HL) |
| | : | |
| v. | : | |
| | : | |
| **R.D. CLIFTON CO., INC. d/b/a CLIFTON SEED COMPANY GEORGIA,** | : | |
| | : | |
| Defendant. | : | |

# **ORDER**

On March 1, 2007 this Court issued an Order stating that the above-styled cases would be automatically consolidated, unless a Party filed objections. Although Defendants Syngenta Seeds and Clifton Seed Company ("Clifton") supported the

consolidation, Plaintiff Gibbs Patrick Farms ("GPF") objected. No action was taken at that time to consolidate the cases.

Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order a joint trial of matters before it that involve common questions of law or fact. Fed. R. Civ. P. 42(a). This is a discretionary power, that may be exercised when

> the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (citation and quotation omitted).

The crux of GPS's objections was that the jury would be confused by the multitude of issues in the Lewis Taylor Farms action. The Lewis Taylor Farms case involved a question of whether an insurance policy covered the loss of one of the Parties, which was not an issue in the Gibbs Patrick Farms litigation. The jury would have had to decide the insurance company's declaratory judgment action, a cross-claim, and two third-party claims. Furthermore, each case involved questions of usage of trade, and according to the Plaintiff the usage of trade relevant to each case was different.

The Court's resolution of the motions for summary judgment in these cases

has, however, resolved these concerns. The only remaining cause of action in the Lewis Taylor Farms case is the Lewis Taylor Farms Parties' warranty claim against Clifton. Similarly, the only cause of action remaining in the Gibbs case is the GPF warranty claim against Clifton. Any confusion that would have been created by the conflicting standards for usage of trade was resolved when the Court granted partial summary judgment in both cases precluding Clifton from presenting evidence of the disclaimer defense.

Furthermore, there are similar issues of fact in these cases. The evidence that will be presented in the two cases is very similar. Both GPF and the Lewis Taylor Farms Parties have the same expert. Both claim that Clifton sold them diseased Syngenta seed. And both Plaintiffs have the same counsel. The Court therefore finds that consolidation would not significantly prejudice any party. Furthermore, the savings in expense and time, and the reduced burden on the witnesses outweigh any possible prejudice. It is therefore ordered that these cases be consolidated for trial.

**SO ORDERED**, this the 10th day of April, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch